```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

FINE KITCHENS & BATHS BY PETER, LLC, a Florida limited liability company,

        Plaintiff,

v.                            Case No: 2:24-cv-137-JES-KCD

INTERSTATE RESTORATION, LLC, a Florida company,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #17) filed on March 11, 2024. Plaintiff filed a Memorandum in Opposition (Doc. #18) on March 26, 2024. For the reasons set forth below, the motion is denied.

Defendant seeks to dismiss the case for failure to state a claim, or seeks a more definite statement, because the contracts and proposals attached to the Complaint purportedly contradict the allegations in the Complaint itself. A motion for failure to state a claim upon falls under Fed. R. Civ. P. 12(b)(6) while a motion for a more definite statement may be brought if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response" under Fed. R. Civ. P. 12(e). "Most Courts disfavor the

use of Rule 12(e) because it is often used to delay the proceedings." Royal Shell Vacations, Inc. v. Scheyndel, 233 F.R.D. 629, 630 (M.D. Fla. 2005) (citation omitted).

**I.**

The Complaint (Doc. #1-1), originally filed in state court, was brought by plaintiff "Fine Kitchens & Baths by Peter, LLC," a Florida Limited Liability Company. The one-count Complaint asserted a claim for breach of contract. The Complaint asserted that "[o]n August 25, 26, and 28, 2023" plaintiff "Fine Kitchens & Baths by Peter, LLC" and defendant Interstate Restoration, LLC, "entered into a series of written contracts each of which was entitled 'Subcontractors Work Order,' and each of which incorporated a series of written communications and agreements. They are attached as Exhibit 1." (Id. at ¶ 8.) The contracts called for plaintiff to supply specially designed cabinets to defendant at a jobsite on Sanibel Island, Florida. (Id. at 9.) The Complaint further alleges that on November 14, 2023, Interstate Restoration, LLC repudiated the contract and refused to perform its obligations. (Id. at 12.) This was alleged to be a material breach of the contract, causing damages. (Id. at 13, 14.)

Attached to the Complaint is a four-page Proposal dated August 23, 2023, on the letterhead of "Fine Kitchens & Baths by Peter, LLC dba: Putnam Design" and signed by "Peter Genovese, Member." (Id. at pp. 4-7.) The "Standard Terms and Conditions" page of the

2

Proposal referred to "Fine Kitchens & Baths by Peter, LLC" by its aka of "Putnam Design." (Id. at p. 5 ¶ 1.)  The attached Notice of Cancellation forms were also captioned "PUTNAM DESIGN." (Id. at pp. 6-7.)  Interstate Restoration accepted the Proposal by email dated August 23, 2023, addressed to the "Fine Kitchens and Baths by Peter" email address. (Id. at p. 8.)  The Work Orders were signed by "Putnam Design LLC". (Doc. #1-1, pp. 23, 27, 31.)  Prior to acceptance, plaintiff had presented three revised estimates on "PUTNAM DESIGN" letterhead. (Id. at pp. 9, 12, 16, 18.)  All email correspondence from defendant was sent to the "Fine Kitchens and Baths by Peter" email address. (Id. at pp. 11, 15, 17, 19, 29, 33, 34, 35.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Except to demonstrate jurisdiction, a pleading need not allege "(A) a party's capacity to sue or be sued; (B) a party's authority to sue or be sued in a representative capacity; or (C) the legal existence of an organized association of persons that is made a party." Fed. R. Civ. P. 9(a).  "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

3

Fed. R. Civ. P. 10(c). "If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)[1]. As more recently stated:

> A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls. [] The classic example is when a plaintiff attaches a document to his complaint but his allegations about what the document is or says contradict the document itself.

Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016)(internal citation omitted). See also Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007) (exhibits are part of the pleading).

   The Court cannot say that the documents attached to the Complaint contradict the allegations in the Complaint. Much of the information proffered in the motion to dismiss cannot be considered in deciding a motion to dismiss since it is outside the four corners of the Complaint. The Court finds that the Complaint

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

states a plausible claim, and that a more definite statement is not necessary at the pleading stage of the proceedings.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #17) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of April 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

5